**FARQUHARSON et al. v. FRESNO OIL CO.***
(No. 10060.)

(Court of Civil Appeals of Texas. Fort Worth.
Nov. 25, 1922. Rehearing Denied
Jan. 6, 1923.)

1. **Appeal and error ⚫═►162(3)—Partial compliance with terms of judgment held not to estop appeal therefrom.**

Appellant's acceptance of money declared by a judgment to be his and a return by him of certain personal property awarded to the adverse party *held* not to estop him from appealing from the judgment.

2. **Trial ⚫═►35—Admission of default at time of trial does not preclude evidence as to when it occurred.**

The admission of a default at the time of trial in performance of a contract under which a litigant had been operating an oil lease *held* not to preclude the introduction of testimony that, due to an extension allowed on notes, the default did not occur until 60 days later than the date alleged by the adverse party so as to warrant a recovery of expenses incurred during such 60 days, which would not otherwise be recoverable if it appeared that the possession was that of a trespasser.

3. **Appeal and error ⚫═►1056(4)—Exclusion of testimony held harmless error, where court's adverse finding unquestioned.**

Any error in the exclusion of testimony that defendant's attorney had not admitted, or intended to admit, or was not authorized to admit, default in contract, was rendered harmless, where the court's finding that such a default existed was allowed to go unchallenged on appeal.

4. **Appeal and error ⚫═►205 — Objection to auditor's report, not filed as required by statute, cannot be heard on appeal.**

Error cannot be predicated on the exclusion of testimony showing certain items on an auditor's report, improper where the report was filed several days before trial and no exceptions were filed as required by Rev. St. art. 2126, and particularly where the record shows the contract involving necessity for such audit was subsequently terminated by agreement.

5. **Appeal and error ⚫═►209(4)—Assignment that respondent failed to show title to oil lease held without merit.**

On appeal in an action by an oil company concerning a lease, title to which stood in the name of a trustee, who was not a party, the contention on appeal that the company had failed to show title is without merit, where it conclusively appears that all parties recognized the company's title below.

6. **Appeal and error ⚫═►1041(2)—Refusal to permit filing of amended pleading held not reversible error.**

Refusal to permit amendment of pleading setting up a new defense is not reversible error, where the defense is available under a general denial already filed.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by the Fresno Oil Company against C. B. Farquharson and others. From a judgment for plaintiff, defendants appeal. Affirmed in part and reversed in part, if remittitur not filed within 12 days.

John T. Suggs, of Denison, for appellants.
Kay, Akin & Kenley, of Wichita Falls, and Theodore Mack, of Fort Worth, for appellee.

DUNKLIN, J. On November 18, 1919, C. B. Farquharson entered into a contract for the conveyance of certain oil leases then owned by him in Wichita county to the Fresno Oil Company. Part of the consideration for the conveyance was cash paid by the oil company, and a part was deferred and secured by a lien on the leases. The Fresno Oil Company then went into possession of the property, and began to operate it for the production of oil therefrom. Later Farquharson instituted suit against the oil company to specifically enforce its agreement to make deferred payments. A written agreement of compromise of that controversy was entered into between the parties, by the terms of which that suit was to be dismissed, which was done, and Farquharson was given the option to purchase all of the interest of the oil company in the property for the sum of $200,000; the oil company being treated in the contract as the owner of the property. Farquharson paid to the oil company $20,000 in cash, and executed his notes for the balance of the consideration so agreed on, one of which was for the principal sum of $100,000, due 60 days after date, and one for $80,000, due 180 days after date. The written agreement further stipulated that the oil company should execute to Farquharson a proper deed of assignment covering the leases and personal property thereon situated, which assignment was placed in escrow in a certain bank doing business in Wichita Falls, Tex.

It was further stipulated in that agreement that an accounting should be made by the oil company of its receipts and expenditures during the time it had held the property under the first agreement with Farquharson, and that, if said accounting showed that the oil company had sustained a loss as a result of such operation, Farquharson should pay to the oil company the amount of such loss, in addition to the $200,000 mentioned; but that should such accounting show that the oil company had made a profit from such operations, over and above the expenses incurred, the amount of such profits should be credited upon the notes so executed by Farquharson to the oil company. In said written agreement last mentioned, it was further provided that, if Farquharson

⚫═►For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 28, 1923.
248 S.W.—31

should make default in the payment of said two promissory notes according to their terms, the property should revert back to the oil company, unless the due date of such payments should be extended by the oil company, and that in case of a return of the property to the oil company for such default, Farquharson's notes then outstanding should be returned to him, but the oil company should retain the $20,000 cash paid by Farquharson as liquidated damages for his said default.

It was further provided that in case of such reversion of the property Farquharson should account to the oil company for any profits realized by him from the operation of the leases during his possession of them, and should return the wells to the oil company in good condition; and that he should execute to the oil company a bond, with a good and sufficient surety, in the penal sum of $100,000, to insure the performance of Farquharson's obligation to so return the wells on said leases in good condition and to pay to the oil company the profits so realized by him from the operation of the leases under said last-mentioned agreement. The bond so provided for was executed and delivered—executed by Farquharson as principal and the Southern Surety Company as surety.

On February 22, 1921, the Fresno Oil Company instituted this suit against Farquharson and the Southern Surety Company, and J. R. Posey and L. E. White, in trespass to try title for the recovery of the leases and also for damages. Posey and White were superintendent and lease foreman, respectively, for Farquharson, but claimed no interest in the property themselves.

Following a count in the plaintiff's petition, which was in the ordinary form of trespass to try title, plaintiff alleged the execution of the last-mentioned contract by Farquharson, the execution and delivery of the notes and surety bond, and further alleged Farquharson's default in the payment of the notes and the breach of his contract to account to the oil company for the profits realized from the leases during his operation thereof. Plaintiff also alleged improper operation of the leases by Farquharson and damage to the wells occasioned thereby, the amount of which damage, plus the amount of such profits so realized by Farquharson, was alleged to be $100,000. Plaintiff prayed for the recovery of the property and for a judgment awarding it the damages claimed in its petition and for a cancellation of the assignment of the leases to Farquharson which had been executed by the oil company and placed in escrow in a bank.

Farquharson filed an answer which contained a general demurrer and a general denial, and a plea of not guilty, to the action in trespass to try title. And, further answering, he alleged a default on the part of the oil company of its obligation to render a correct account of its receipts and disbursements during the time it operated the leases under its contract of purchase from Farquharson. In that connection he alleged that the oil company had, during such operation, realized the sum of $45,000 as profits from the sale of oil secured from the leases during its operation thereof, over and above the expenses incurred by it, which amount he claimed should have been credited upon the notes he had executed to the oil company. He offered to carry out his contract according to its terms if the credit be allowed him, and alleged that he would have paid said notes if the plaintiff had given him the proper credit thereon. Farquharson further pleaded that plaintiff had no right to maintain the suit until he had first rendered a proper accounting of its operation of the leases and given the defendant the proper credit for any profits arising therefrom.

During Farquharson's operation of the leases, he had sold oil from the leases thereon to the Sunshine State Oil & Refining Company, and that company was due him for said purchases the sum of $14,424.39. That company was notified by the plaintiff company by a letter not to pay over that indebtedness of Farquharson, pending the settlement of the controversy between the plaintiff company and Farquharson, and by reason of that letter such payment was withheld from Farquharson. Farquharson, by a proper plea, sought to make the Sunshine Company a party to the suit for the purpose of determining his right to collect the amount so due by that company. But that company was never served with citation and never filed any pleading in the case nor entered its appearance.

The suit was tried before the court without a jury, and the trial judge filed his finding of fact and conclusions of law, and, upon such findings and conclusions, a judgment was rendered in favor of the plaintiff, awarding title to the leases as against all the defendants, canceling Farquharson's notes executed to it for the purchase money, and awarding to plaintiff a judgment against Farquharson for the sum of $39,452.39, and against the Southern Surety Company, as surety, for the sum of $27,164.81 of said amount. It was further decreed that—

"All claims, right, title, or interest to the funds of $14,424.39 shown to be impounded in the hands of the Sunshine State Oil & Refining Company be and the same is hereby, justly vested in the defendant C. B. Farquharson as against all parties hereto."

From that judgment Farquharson and the Southern Surety Company have appealed.

[1] It appears from the record that after the rendition of the foregoing judgment, and after the appellants had given notice of the appeal, Farquharson collected the sum so

awarded to him to be paid by the Sunshine Company and also returned to the plaintiff some of the personal property situated on the leases and which had been decreed to the plaintiff. By reason of his acts in so doing, the oil company has presented a motion to dismiss this appeal upon the theory that appellants are estopped from prosecuting it because they have accepted benefits under the judgment from which the appeal is prosecuted.

The record shows that during the progress of the trial, Farquharson offered, in open court, to return and restore the leases to the plaintiff, and that such offer was accepted by the plaintiff, subject to its claim for damages for Farquharson's alleged default in his contract to account for profits arising from his operation of the leases and to return the wells in good condition, and that said offer and acceptance was then and there consummated by a return of the leases and all of the personal property incident thereto, save and except a small portion of such personal property which was returned after the rendition of the judgment, as recited already. The record also shows that during the trial Farquharson, in open court, offered to have the court award to the plaintiff the amount which the Sunshine Company was then owing to him for oil purchased from him, and which was afterwards decreed to Farquharson, if said amount should be allowed as a credit on Farquharson's purchase-money notes, which he had executed in plaintiff's favor, but that said offer was refused by the plaintiff, and the court declined to decree the credit so demanded. It thus appears that, not only was the Sunshine Company not a party to the suit, but that the plaintiff was in no manner interested in the amount it owed to Farquharson. The award of that amount to Farquharson was, strictly speaking, no proper part of the judgment, since the Sunshine Company had not been made a party to the suit; and, since the plaintiff was in no manner interested in that amount, it cannot be said that the collection of it by Farquharson estopped him from prosecuting his appeal from the judgment rendered against him in favor of the plaintiff. And the same can be said with respect to the return of some of the personal property which had already been tendered to the plaintiff during the trial, and which had been awarded to it by the judgment. Hence we conclude that there is no merit in the motion to dismiss the appeal.

The trial judge found that the purchase-money notes executed by Farquharson for the sum of $100,000, dated December 8, 1920, and which fell due 60 days thereafter, to wit, February 8, 1921, was never extended by the plaintiff, that the plaintiff demanded payment thereof, which demand was refused, and by reason of such refusal the plaintiff did, on February 22, 1921, elect to rescind the sale of the property to Farquharson, and on that date instituted this suit for its recovery and for an accounting; that the plaintiff had in all respects complied with its contract, and that Farquharson had breached his contract to pay the purchase-money notes, and had never offered to pay the plaintiff any amount that might be found to be due as a balance due on the two purchase-money notes. The court further found, in effect, that from and after February 22, 1921, Farquharson was a trespasser upon the property, and was therefore not entitled to any credits for expenses incurred by him for the operation of the leases from that date up to the date of the judgment, which was rendered on July 7, 1921, but that he was entitled to be credited for similar expenses from December 8, 1920, the date the notes were executed, up to February 22, 1921. The court further found that the plaintiff had not realized any profits from the operation of the leases under its first contract with the defendant, but that the plaintiff had sustained a loss as the result of such operation in the sum of $15,627.33, and that at no time prior to the trial of the suit had Farquharson made any tender to plaintiff of any amount that might be due on his purchase-money notes. Further findings by the trial court were as follows:

"That the total receipts for the sale of oil, gas, and other products from said leasehold from the 8th day of December, 1920, to February 22, 1921, inclusive, aggregated the sum of $31,781.81. Said amount was received by the defendant C. B. Farquharson.

"That the total expense incurred and paid by the said C. B. Farquharson in the operation of said leasehold from December 8, 1920, to February 22, 1921, inclusive was $11,156.35.

"That the total receipts for the sale of oil, gas, and other products from said leasehold from February 22, 1921, to June 28, 1921, inclusive, was $18,906.92, which amount was received by the defendant G. B. Farquharson.

"That the total expenses incurred and paid by the defendant C. B. Farquharson for the operation of said lease from February 22, 1921, to June 22, 1921, inclusive, was $6,562.84."

[2] If the amount of expenses incurred by Farquharson for the operation of the leases from February 22, 1921, to June 22, 1921, and which the court found to be $6,562.84, had been allowed as a credit to Farquharson, and which would have been allowed but for the fact that the court held him to be a trespasser during the time intervening between those two dates, the judgment rendered against him would have been reduced in that amount. In order to show that he was not such a trespasser, Farquharson offered testimony which tended to show that the plaintiff, through its duly authorized agent and for a valuable consideration, agreed with Farquharson for a 60-day extension of the due date of said first purchase-money note; in other words, for an extension of such due time to about April 8, 1921. The court sustain-

ed the objection on the ground, as stated in his qualification of the bill of exception to the ruling, to the effect that Farquharson's attorney, in open court, had admitted that he had made default in the payment of his note. Farquharson offered testimony to show that his counsel had not so stated to the court, had not intended to make such admission, and that at all events he had no legal authority to bind his client by such an admission. That testimony was also rejected by the trial court, and an assignment is addressed to that ruling as well. Even though it could be said that the alleged admission by counsel for Farquharson was made, the same did not deprive him of the right to show that he was not a trespasser on the leases from February 22d up to the date of the trial, since the admission did not purport to give the date of the default admitted, it merely being that at the time of the trial Farquharson was in default, and therefore was entitled to credits for his expenses during that period, and we have concluded the court erred in excluding the testimony offered to show the extension of the due date of the first note.

[3] No assignment has been addressed to the finding of the court that during the trial Farquharson tendered back to plaintiff all the property he had received, and that the same was accepted by the plaintiff subject only to its right to claim the damages that were awarded to it against Farquharson. That finding was conclusive of Farquharson's default at the time of the trial, and, that being true, any error in the exclusion of the testimony offered to show that Farquharson's attorney did not admit, or did not intend to admit, or was not authorized by his client to admit, that he was then in default, was harmless.

[4] An auditor was appointed by the court upon motion of Farquharson to audit the books of plaintiff showing the receipts and disbursements during the time plaintiff operated the leases and before it sold the same to Farquharson. Error has been assigned to the exclusion of the testimony offered by Farquharson to show that several credits allowed by the auditor against the receipts were improper. That assignment is overruled, for the reason that the record shows that the auditor's report had been filed several days before the case was called for trial, and appellant had never filed any exceptions to such report, or any items thereof, as required by article 2126, Revised Stat-

utes; and for the further reason that upon the trial Farquharson himself elected to return the property purchased from the plaintiff, and thus terminate the contract of purchase, and that his offer so to do was accepted; and because profits which defendant thus sought to prove were not available to him in the event of a rescission of the contract of sale.

[5] The record shows that the title of the Fresno Oil Company stood in the name of E. A. Ryan as trustee, and appellants insist that, since the trustee was not made a party to the suit, the oil company did not discharge the burden resting upon it to show title in itself. There is no merit in this assignment, since it conclusively appears that all the parties treated the property as belonging to the Fresno Oil Company, and that title was taken in the name of the trustee as a mere matter of convenience. And upon the trial no such question was raised when Farquharson tendered the property back to the plaintiff.

[6] Nor is there reversible error in the refusal of the court to permit Farquharson to file an amended pleading setting up the agreement of extension of the due date of the first purchase-money note, since the proof offered to establish that fact was admissible under the plea of general denial, the plaintiff having expressly alleged in his petition that no such extension had ever been granted.

The judgment of the trial court canceling the contract of conveyance, awarding to plaintiff title to the leases and the personal property incident thereto, and canceling the purchase-money notes executed by Farquharson, is affirmed; but, for the error in excluding the testimony offered to show plaintiff's agreement for extension of the due date of the first purchase-money note maturing 60 days after date, the judgment for damages against Farquharson and the Southern Surety Company will be reversed, and the cause remanded as to them only, for another trial of those issues, unless the appellee shall, within 12 days from the date of the judgment of this court, file a remittitur of the sum of $6,562.84, to be entered as a credit upon the amount so recovered against appellant Farquharson in favor of appellee oil company. But if said remittitur is filed within the time stated, then the judgment of the trial court in all respects will be affirmed.